IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2019 MAR 25 PM 4: 43

Norman Peck,
    Plaintiff,
v.

IMC Credit Services,
    Defendant

Case No. 1:18-cv-03143-SEB

Motion for Clarification

## Motion for Clarification of Misunderstandings

Plaintiff-movant Norman Peck seeks to perfect his case and requests clarification, from an Article III judge, of Tim A. Baker's two submissions into the court record.

Baker's first submission was terse and threatening.[1] Peck immediately filed a six-page response.[2] He then received the second Baker communication[3], which stated that Peck's eleven causes—causes that were not disputed by Defendant (IMC)—"lack merit."[4] Although Peck hasn't been notified of any IMC objections to the findings and conclusions Peck provided to the district judge, Mr. Baker assessed Peck's reliance on § 636 as "incorrect". Peck doesn't recall

---

[1] See attached copy of ORDER ON FEBRUARY 4, 2019, PRETRIAL CONFERENCE (*i.e.*, "[Filing No. 19]" re: Mr. Baker's second submission). Apparently, Baker and Defendant's counsel (*i.e.*, Nicholas Levi) met in a "February 4, 2019, pretrial conference". *Cf.* FRCP 16 ("Pretrial Conferences; Scheduling; Management") and S.D. Ind. L.R. 16-1 ("Pretrial Procedures").

[2] PLAINTIFF'S RESPONSE TO TIM A. BAKER SHOWING CAUSE. Signed and filed February 14, 2019.

[3] ORDER ON PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (copy attached), which has no order.

[4] Of Peck's eleven causes, Mr. Baker alluded only to Peck's third and fourth causes. See "Plaintiff did not consent to [**any**] magistrate judge proceedings in this case" and "28 USC § 636", the latter described as "much of the response". *Cf.* PLAINTIFF'S RESPONSE at 2:
    **Cause #3 No magistrate-judge proceedings in this civil matter**
    Peck's non-consent to any magistrate-judge proceedings or involvement in this civil matter is in the court record. Peck has received no dispute or objection to his clear, unambiguous, and explicit notice. Peck rearticulated this ban on magistrate-judge proceedings in other filings. 28 USC § 636(c)(1).

reading any caselaw that contradicts his findings and conclusions.[5] Mr. Baker chose to involve himself in *Peck v. IMC*, but failed to cite his authority to do so.

A reader of this case's public record will find ample support for each of Peck's eleven causes. See, for instance, PLAINTIFF'S RESPONSE at 4 ("Cause #11: Unnecessary litigation was avoided in November 2018"). IMC, the offending party in this civil rights case, long ago agreed to compensate Peck, the injured party. Subsequent litigation (*e.g.*, trial and pretrial proceedings) was avoided when Peck lawfully accepted IMC's lawful FRCP 68(a) offer.[6]

Toward the end of his second filing, Mr. Baker implied what IMC has not—that Plaintiff failed to comply with deadlines.[7]

Mr. Baker's first document ("show cause order") burdened Peck with a task that Mr. Baker had no authority to impose. Although Mr. Baker's second document "discharge[d his] show cause order", his "show cause order" added considerably to the damage costs Peck has incurred.

Mr. Baker ended his non-consensual involvement—which failed to protect the § 636(c)(2) "voluntariness" of the parties—with insinuations that Peck (1) misunderstands the facts and law, and (2) can be subjected to "possible sanctions in the future." First, Peck is unaware of any "misunderstanding" he has about the facts and/or law in this case. Second, it is Peck's position

---

[5] See, for instance, PLAINTIFF'S RESPONSE at 2, footnote three. *Cf.* 28 USC § 636 re: the limited powers of magistrate judges.

[6] See Mr. Levi's November 6, 2019 email offering terms of settlement: "Pursuant to Rule 68 of the [FRCP], [IMC] offers that judgment be entered in favor of [Peck] and against [IMC] in the amount of $1,101.00, plus costs to be awarded by the courts". Mr. Levi's subsequent communications emphasized that IMC was resolute about this offer. *Cf.* Mr. Levi's emails dated November 9 ("My client will not be increasing this offer") and November 13 ("IMC has offered you a judgment in the amount of $1,101 to resolve all claims brought in your lawsuit"). [N.B.: Peck laid out the nine civil-rights claims in his COMPLAINT at 9-19.] Only after Defendant decisively clarified these matters did Peck accept IMC's offer of judgment on November 16, 2019; he prohibited later alteration or modification ("No other terms or conditions apply. Please promptly furnish payment of $1,101.") But IMC still has not made payment.

[7] Mr. Baker inexplicably asserts that "the Court does expect that Plaintiff will show up for Court proceedings". See Peck's filings on the issue of non-oral proceedings; for instance, PLAINTIFF'S RESPONSE (*e.g.*, Causes #1 through #6).

that he has not engaged in any wrongdoing during these proceedings. He seeks clarity on these matters.

WHEREFORE, Peck requests the district judge to clarify and correct "any misunderstanding Plaintiff might have and assist[] him in avoiding possible sanctions in the future." ADDITIONALLY, Peck requests findings of fact and conclusions of law in support of these clarifications and corrections.

Submitted,

_____     19 MARCH 2019
Norman Peck, Plaintiff                      Date
P.O. Box 273
Kokomo, Indiana 46903

## Certificate of Service

I hereby certify my delivery today of this MOTION FOR CLARIFICATION OF MISUNDERSTANDINGS via filing it by U.S. mail to

- the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204, and

- Nicholas Levi, One Indiana Square, Suite 300, 211 North Pennsylvania Street, Indianapolis, Indiana 46204.

_____     19 MARCH 2019
Norman Peck, Plaintiff                      Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

Attachment:
- Additional copy of this MOTION FOR CLARIFICATION OF MISUNDERSTANDINGS, to be stamped on every page by the Clerk to indicate the date and time of its entry into the court record and then returned to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b))