UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN PECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03143-SEB-TAB |
| ) | |
| IMC CREDIT SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

Now before the Court is the Motion for Interlocutory Injunction [Dkt. 39], filed by Plaintiff Norman Peck, proceeding *pro se*. Although Mr. Peck has styled his motion as one for injunctive relief, he is more accurately seeking reconsideration of our January 10, 2019 Order denying his request for an entry of judgment under Federal Rule of Civil Procedure 68. Accordingly, we treat this motion as a motion to reconsider, and, for the reasons detailed below, we GRANT Plaintiff's motion.

**Background**

On November 6, 2018, Defendant IMC Credit Services made an offer of judgment pursuant to Rule 68 in this FDCPA case in the amount of "$1,101, plus costs to be awarded by the court." Dkt. 22 at 6. Plaintiff communicated his acceptance of that offer by correspondence to Defendant dated November 16, 2018. *See* Dkt. 22 at 17 ("I have decided to accept your client's November 6, 2018 offer of settlement of $1,101. You have refused to state a good-faith basis for not stipulating to the specifics of the offer. Thus, the only specific detail you have furnished is 'the amount of $1,101.00, plus costs

1

to be awarded by the courts.' No other terms or conditions apply."). After Mr. Peck indicated his acceptance of the offer, Defendant's attorney contacted Mr. Peck to discuss the amount of costs Mr. Peck would be seeking, at which point it became clear that Mr. Peck believed "costs" encompassed all amounts set forth in his prayer for relief in his complaint. *See* Dkt. 22 (email attachments).

On December 12, 2018, Mr. Peck filed a Notice of Plaintiff's Rule 68 Filing. Because, as Defendant recognized, Mr. Peck's acceptance "appear[ed] incongruent with his desires in this litigation," (Dkt. 23 at 2), in an effort to preserve the interests of Mr. Peck, a *pro se* litigant, we declined in our January 10, 2019 Order to enter Rule 68 judgment on grounds that Mr. Peck appeared to have a fundamental misunderstanding of Defendant's offer that he had accepted. *See Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402–03 (8th Cir. 1988) ("[E]specially when considering a Rule 68 offer, the offeree needs to have a clear understanding of the terms of the offer in order to make an informed decision whether to accept it."). In our Order, we explained that Rule 68 "costs" are limited to those contemplated by Rule 54(d), which are itemized in 28 U.S.C. § 1920.[1]

---

[1] 28 U.S.C. § 1920 provides in relevant part as follows:

A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;
   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Franklin v. Mentz*, No. 3:13-CV-207-TLS, 2016 WL 7111993, at *4 (N.D. Ind. Dec. 7, 2016) ("Because the 'costs included in Rule 68 are no more extensive than the costs authorized under Rule 54(d),' a [] party is only entitled to recover those costs listed in 28 U.S.C. § 1920.") (quoting *Thomas v. Caudill*, 150 F.R.D. 147, 149 (N.D. Ind. 1993)); *Freeland v. Arvin-Meritor, Inc.*, No. 06-4032-GPM, 2009 WL 586431, at *4 (S.D. Ill. Mar. 6, 2009) ("Rule 68 costs are defined by 28 U.S.C. § 1920 unless the substantive law which governs a particular case authorizes the award of additional costs.") (citing *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995)); *see also Grubbs v. Andrews & Cox, P.C.*, No. 1:13-cv-1936-WTL-MJD, 2016 WL 3902591, at *4 (S.D. Ind. July 18, 2016) (awarding costs under Rule 54(d) and § 1920 in FDCPA case).

In his brief in support of the instant motion to reconsider, Mr. Peck steadfastly maintains that his acceptance of Defendant's offer was valid and that the Court was therefore without discretion to decline to enter judgment under Rule 68. The only issue therefore is whether Mr. Peck's acceptance was effective, as such, because, if so, then Rule 68 requires that the court simply enter judgment, as Mr. Peck contends. "Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer. … Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. Entry of a Rule 68 judgment is ministerial rather than discretionary. … Once the acceptance has been properly filed, judgment must

3

be entered." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) (internal citations and quotations omitted).

Generally, courts use contract principles to interpret offers of judgment. *Id.* at 620; *see also Radecki*, 858 F.2d at 400 ("To decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply principles of contract law."). Under such principles, "[a] binding contract requires an objective manifestation of mutual assent." *Hefter & Carroll v. Abraham*, No. 07 C 4137, 2007 WL 3334349, at *4 (N.D. Ill. Nov. 8, 2007) (citing *Abbot Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999)). "[U]nder the law of every state, the interpretation of an agreement is governed by the parties' objective expressions of intent." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, No. 17 C 1973, 2019 WL 1593940, at *3 (N.D. Ill. Apr. 15, 2019) (citing *Hampton v. Ford Motor Co.*, 561 F.3d 709, 714 (7th Cir. 2009)). "There must be a determination based on an objective appraisal of the parties' conduct, *not their subjective beliefs*." *Id.* at *3 (emphasis added).

Here, Defendant made an unambiguous offer to Mr. Peck of "$1,101, plus costs to be awarded by the court." Mr. Peck unequivocally accepted that offer without including any additional terms that could be construed as a counteroffer. *See Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391–92 (7th Cir. 1999) (finding that the plaintiff's acceptance was not a counteroffer because he had accepted the defendants' unambiguous offer without qualification). Thus, there was an objective manifestation of mutual assent between the parties at the time of acceptance, creating a binding agreement. *See Motorola Sols.*, 2019 WL 1593940, at *3 ("[I]t is objective intent that governs, not some

4

subjective theory of 'meeting of the minds' that determines whether contract formation has occurred and what the agreement entails."). Accordingly, judgment in accordance with the terms of Defendant's offer shall enter, based on Mr. Peck's filing of the notice of acceptance of the offer, and proof of service. Mr. Peck's post-acceptance communications with Defendant are irrelevant under the applicable legal standards. *See Webb*, 147 F.3d at 621 ("Once the acceptance [under Rule 68] has been properly filed, judgment *must* be entered.") (emphasis added).

Having determined that Mr. Peck's acceptance of Defendant's offer was valid, we order the Clerk of Court to enter judgment consistent with the terms of Defendant's Rule 68 offer. Mr. Peck is hereby ordered to file a bill of costs within thirty (30) days of the date of the Order, outlining the costs to which he claims he is entitled under 28 U.S.C. § 1920. His failure to do so shall result in closure of this case. All other pending motions in this action are denied as moot.

IT IS SO ORDERED.

Date: 5/29/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORMAN PECK
P.O. Box 273
Kokomo, IN 46903

Nicholas Ward Levi
KIGHTLINGER & GRAY, LLP (Indianapolis)
nlevi@k-glaw.com