IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Norman Peck,
    Plaintiff,

v.

IMC Credit Services,
    Defendant

Case No. 1:18-cv-03143-SEB

FILED
2:12 pm, Apr 16, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

### MEMORANDUM IN SUPPORT OF MOTION FOR DISQUALIFICATION

Plaintiff-movant Norman Peck comes before this district court today to file this MEMORANDUM IN SUPPORT OF MOTION FOR DISQUALIFICATION of district judge Sarah Evans Barker. Peck has filed numerous documents in which he has attempted to persuade Judge Barker to act in a judicious manner, to no avail. Litigants are expected to litigate and submit filings into the record, which they may do at any time. Judges—when they have jurisdiction—are expected to grant or deny the parties' motions and support their rulings by applying pertinent appellate conclusions of law to the facts in a case. Judge Barker has done the opposite throughout this case. She has consistently failed to construe, administer, and employ the court rules to secure the just, speedy, and inexpensive determination of this action and its proceedings. Judge Barker's latest outside-of-jurisdiction actions are beyond the pale. She is not suitable for this case.

### Background

The docket exhibits only one judgment, Dkt.68.[1] No document is identified as a final judgment. There still has been no judgment of any kind regarding the subject matter of this

---

[1] Judge Barker then had to order (Dkt.73, 18 October 2019) IMC to pay Peck its 6 November 2018 offer for "judgment … in the amount of $1,101.00, plus costs", which Peck timely accepted only because it included his costs. Dkt.1 at 21-22. IMC soon revealed its deception in Dkt.23 (at 2): "[IMC] was offering

case—Peck's prayer (Dkt.1 at 22) for compensation for the injuries (*ibid.* at 9-19) caused by IMC. The Seventh Circuit has jurisdiction, not the district court.

## The Public Docket

Peck has received from the district clerk four copies of the public docket dated

1) 7 November 2018 (Dkt.16, listing Dkt. Nos. 1-16),
2) 1 November 2019 (Dkt.77, listing Dkt. Nos. 1-76)[2],
3) 29 January 2020 (listing Dkt. Nos. 1-95), and
4) 23 March 2020 (listing Dkt. Nos. 1-106).[3]

Each of these versions of the docket reveals a public record that is a shambles. Each contains information that is indecipherable to Peck, implying actions by the district court that (a) do not appear to have occurred or (b) are violations of due process.

### The public dockets' gavel-like icon

The 1 November 2019, 29 January 2020, and 23 March 2020 dockets all show a symbol that looks like a gavel. The court has not provided guidance to Peck about its significance.[4]

The 7 November 2018 docket does not display any gavel icons.[5]

The 1 November 2019 docket shows only one gavel icon next to the "10/28/2019" entry on page 8 of the docket. But lacking from this docket is a ruling on the issues Peck presented in his 25 October 2019 MOTION FOR FRCP 52(b) FINDINGS (Dkt.74). The court unaccountably

---

judgment in the amount of $1,101, with Peck's ability to seek taxable costs", which were utterly irrelevant and inapplicable to Peck's 15 USC § 1692k(a) costs. See, for example, *Marek v. Chesney*, 473 U.S. 1 (1985), *Crawford Fitting v. Gibbons*, 482 U.S. 437 (1987), and *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012), which await the court's application to the facts in this case. *Cf.* Dkt.74 ("Peck moves for the court to articulate its initial (*i.e.*, 'additional') findings").

[2] Oddly, this 1 November 2019 version of the docket did not include the 1 November 2019 Dkt.77.

[3] Peck has not been informed of the docket number of the order authorizing the latter two copies.

[4] "A gavel icon is displayed next to each [*i.e.*, Dkt. Nos. 87 and 90]. There is no explanation of what this icon symbolizes; if indeed the icon is significant, Peck needs the courts' guidance so that he can understand its meaning." MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION (at 3) of the court's 30 January 2020 ORDER. Such explanatory information does not require a court order.

[5] See, for instance, Dkt. Nos. 7 and 16 (court entries).

forwarded this civil action to the court of appeals on 1 November 2019 with numerous issues in this case still unaddressed, including the just-entered Dkt.74.

Interestingly, the 29 January 2020 docket shows no gavel icon next to Dkt.74. More important, however, is the entry of Dkt.81—"ORDER denying Mr. Peck's Rule [52](b) <u>74</u> Motion. Signed by Judge Sarah Evans Barker on 11/14/2019". There is no gavel icon next to Dkt.81. What, then, is the meaning of this icon if not to symbolize that a ruling has been filed? Why did the icon appear in the 1 November 2019 docket but not in the 29 January 2020 docket? Why did the court abandon its responsibility and jurisdiction to adjudicate the plethora of issues before it and, instead, forward this case to the Seventh Circuit?

The 29 January 2020 docket also shows the gavel icon appearing next to Dkt. Nos. 87, 90, and 94. Why? It is a critical fact that jurisdiction belonged to the Seventh Circuit, not the district court. But Peck is hesitant to desert this muddle of a court record and docket without a more complete accounting. Had Barker issued rulings by 29 January 2020 on the issues Peck presented in Dkt. Nos. 87 and 90? The 29 January 2020 docket does not indicate that. And why does the court's docket mis-identify Peck's 24 January 2020 BILL OF COSTS (Dkt.94) *notice* to the court as a "MOTION for Bill of Costs"? Did the court rule on a judicial notice to the district court?

The 23 March 2020 docket also shows quirks.[6] The gavel symbol no longer appears next to Dkt. Nos. 87 and 90; it now appears next to Dkt. Nos. 97, 99, 100, 102, and 106.[7] Had Barker issued a ruling on these motions by 23 March 2020? With each new copy of the docket, Peck

---

[6] For example, Barker issued Dkt.96 ("01/30/2020 ...") one day after the clerk mailed Peck the 29 January 2020 version of the docket.

[7] Interestingly, the icon remains next to Peck's BILL OF COSTS (Dkt.94). *What is the meaning of this icon?*

discovers new revelations about this case.[8] Peck cannot read the electronic record. As the following shows, he is continually left in the dark about the most recent court proceedings.

## Judge Barker's Rulings

Peck discusses Judge Barker's salient rulings in their chronological order.[9] Long periods of inactivity are increasingly followed by sweeping denials of Peck's motions without addressing the issues he has raised or the relevant controlling caselaw that she has applied.

<u>11 October 2018 ENTRY GRANTING *IN FORMA PAUPERIS* STATUS, DENYING MOTION FOR ELECTRONIC FILING, AND GRANTING MOTION FOR STATUS (Dkt.7)</u>

Document 7 is flawed.

In Part I Barker actually granted a Peck motion—his 5 October 2018 VERIFIED FORM AO 240 (APPLICATION TO PROCEED, Dkt.2—that she only granted based on a misunderstanding of *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) and 28 USC § 1915. Peck has provided Barker with findings of fact and conclusions of law showing that the parties in the instant case have no nexus to the Prison Litigation Reform Act of 1995 and thus to 28 USC § 1915.[10] Since Barker has neither disputed Peck's facts and conclusions nor provided her own facts and conclusions to the contrary, Peck's are the only facts and conclusions in the record regarding this issue.

In Part II Barker denied Peck's Dkt.4 request for access to the court's electronic case filing (ECF) system and a copy of the CM/ECF Policies and Procedures Manual[11], based on a non-sourced and transparent falsehood: "Access to the electronic filing system is limited to attorneys admitted to the Court's bar." Barker continues to deny without cause Peck's equal access to the

---

[8] On 6 April 2020 Peck received a rarity from the clerk in the mail: a copy of a court document that displays proper identification information (*i.e.*, document 107, filed 04/01/20, page ID numbers 638-639). Peck presumes that the next version of the docket he receives will list this 1 April 2020 ORDER.

[9] Peck will not bother discussing proceedings conducted by magistrate judges who failed to obtain the 28 USC § 636 consent of both parties.

[10] See Peck's: Dkt.58 at 4-6 and fn.5; Dkt.61 at 26, fn.67; Dkt.75 at 11, fn.34; and CIRCUIT RULE 3(c) DOCKETING STATEMENT at 4.

[11] See Fed. R. Civ. P. 5(d)(3) and S.D. Ind. L.R. 5-1(c), 5-2, and 5-3.

to Peck's complaint.[15] Based on this opinion, Barker denied Peck's Dkt.22. She denied Peck's Dkt.25 based on the filing of Dkt.8.[16] She denied Peck's MOTION TO STRIKE AND MOTION FOR JUST AND SPEEDY JUDGMENT ("we deny Plaintiff's motion to strike Defendant's bona fide error affirmative defense") without bothering to address Peck's discussion of 15 USC § 1692k(c).[17] IMC has never proved up its 15 USC § 1692k(c) affirmative defense assertion.[18] This is an appealable issue.

<u>17 January 2019 ENTRY DENYING PLAINTIFF'S MOTION FOR ONLINE ECF TRAINING (Dkt.35)</u>

In Document 35 judge Barker revisited the issue of Peck's requests for equal access to the court's ECF system.[19] Barker reverted to her original (Dkt.7) denial. She did not assign Peck an ECF log-in and password necessary for accessing the court's electronic record. Dkt.35 shows that Barker's invented "requirement"[20] (Dkt.21)—that Peck appear for such training in person in Indianapolis, knowing full well that this was unworkable—was a sham.

---

[15] *Thomas v. Caudill*, 150 F.R.D. 147 (N.D. Ind. 1993): "This matter is before the court on the Motion for Taxation of Costs …". *Thomas* mangled the holdings of the U.S. Supreme Court's *Marek v. Chesney*, which is actual caselaw.

[16] Peck presumed that the district clerk timely sent IMC Peck's waiver of service paperwork the day she received it (9 October 2018). N.B. Peck filed his initial paperwork for delivery to the clerk by certified U.S. Mail on 5 October 2018, not four days later as Dkt.28 suggests. Peck still has not seen Dkt.8; he needs to read it. See today's RENEWED MOTION FOR COPIES OF FILINGS.

[17] See Dkt.1 (at 4-5) and applicable caselaw (footnotes 13-15), which Barker ignored, instead citing basic information from *Hyman v. Tate* and *Williams v. Jader Fuel Co.*, a non-appellate opinion (*Husainy v. Allied Collection Services*). But she did cite relevant caselaw—*Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), which Peck cited in Dkt.25 (p.4 and fns. 8, 9, and 11), Dkt.39 (p.6 and fn.13), Dkt.49 (p.1, fn.2), and Dkt.61 (p.8).

[18] See, for instance, Dkt.25 at 3-4:
> What maintenance procedures were reasonably adapted by IMC to avoid such errors? How did IMC "constru[e] §1692k(c) to exclude legal errors"? What "clerical or factual mistakes" did IMC make? How was IMC's violation unintentional? And how did this unintentional violation occur despite the maintenance of appropriate procedures? These elements are critical in a §1692k(c) defense, but the defendant once again chose silence.

[19] See Barker's Dkt.7 (ENTRY), Part II and Dkt.21 (ORDER), above at 4-5 and 5-6, respectively.

[20] Barker did not dispute that "Nothing in the statutes or the court rules authorizes or requires attorneys or litigants to appear for training in accessing and using the ECF system." See above at 6.

Peck's need to read the electronic record is unaltered. Barker has denied him the assignment of an ECF log-in and password and a copy of the CM/ECF Policies and Procedures Manual. Peck will of course "continue to file and receive documents via U.S. Mail" as he always has. He has been denied, thus far, any other option. These are appealable issues.

29 May 2019 ORDER ON PENDING MOTIONS (Dkt.56)

In Dkt.56 judge Barker treated Peck's 28 January 2019 FOR AN INTERLOCUTORY INJUNCTION (Dkt.39) "as a motion to reconsider", which she granted. Document 56 is an anomaly in that Barker applies some appropriate (appellate court) caselaw[21] to her findings of fact in this case. These circuit court opinions were much more apropos to and binding upon this case than Dkt.56 acknowledged. Peck has used all of them to support his position.[22] It is telling that Peck reads the court opinions in IMC's and Barker's filings and, if they are controlling caselaw, specifically mentions them, whereas IMC and Barker do not follow this pattern of behavior.[23]

Four months after Peck filed Dkt.39, Barker finally determined that Peck's 16 November 2018 acceptance of IMC's offer was valid[24] and ordered "the Clerk of the Court to enter judgment consistent with the terms of Defendant's Rule 68 offer." Dkt.56 at 5. See also Dkt.5 at

---

[21] That is, *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988), *Webb v. James*, 147 F.3d 617 (7th Cir. 1998), *Abbott Labs v. Alpha Therapeutic Corp.*, 164 F.3d 385 (7th Cir. 1999), *Hampton v. Ford Motor Co.*, 561 F.3d 709 (7th Cir. 2009), and *Norby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999). N.B. Dkt.56 also cites non-controlling district court opinions.
[22] See, *e.g.*, Peck's Dkt.61 at 9-14.
[23] Dkt.56 did not mention *Marek v. Chesney*, 473 U.S. 1 (1985), or even the incongruous *Thomas v. Caudill* interpretation of it. Peck has raised *Marek*'s holdings on numerous occasions throughout this action. (See, for instance, Dkt.39 at 3-4, Dkt.31 at 4-8, and Dkt.61 at 15-16.) If Barker has discussed the *Marek*'s significance, Peck cannot recall it. More than a year after Peck first quoted *Marek*, IMC finally acknowledged it, albeit through a reference in *Harbor Motor v. Arnell Chevrolet-Geo*, 265 F.3d 638 (7th Cir. 2001). See IMC's 10 February 2020 BRIEF OF APPELLEE, IMC CREDIT SERVICES at page 9 (Document 18, Seventh Circuit case #19-3187).
[24] Peck's 16 November 2018 correspondence to IMC: "I have decided to accept your client's November 6, 2018 offer of settlement of $1,101."

3-4.[25] Peck sees nothing in the record to indicate that the clerk executed this order, promptly or otherwise. The clerk has certainly not "automatically" entered judgment for Peck's 15 USC § 1692k(a) costs. Even the negligible part of the FRCP 68 agreement ($1,101) was not entered until 3 October 2019 and then it was entered by district judge Barker, not by the district clerk. These are appealable issues. Document 56 continues with Barker ordering Peck to file a bill of costs within 30 days, mentioning 28 USC § 1920 "costs", apparently still unaware that Peck had never sought section 1920's *taxable* costs.[26] Peck timely filed this second bill of costs on 25 June 2019.[27]

Peck placed numerous issues before the district court, before and after Dkt.56. Almost none have been fully adjudicated. Document 56 comes the closest to furnishing applicable appellate conclusions of law to the facts in this case. These issues await rulings. Thus Peck finds Dkt.56's last sentence disturbing: "All other pending motions in this action are denied as moot." Moot? *Did Barker just attempt to sweep all of Peck's issues under a rug?* Peck did not bring this action for the purpose of having a judge ignore the issues he raises.

3 October 2019 ORDER DENYING MOTION FOR RECONSIDERATION OF FILING FEE (Dkt.67)

In his 29 May 2019 MOTION FOR RECONSIDERATION OF FILING FEES (Dkt.57), Peck moved "the Court to declare that Peck is: not liable for the payment of filing fees; not subject to the Prison Litigation Reform Act; and not subject to 28 USC § 1915 [and] either to accept his

---

[25] "Rule 68 requires that the court simply enter judgment, as Mr. Peck contends. 'Rule 68 operates automatically, requiring that the clerk "shall enter judgment" upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer. ... Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. Entry of a Rule 68 judgment is ministerial rather than discretionary. ... Once the acceptance was properly filed, judgment must be entered.' *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998)."

[26] Section 1920 has nothing to do with non-taxable 15 USC § 1692k costs.

[27] Peck filed his first bill of costs on 5 October 2018. See Dkt.1 at 21-22.

findings of fact and conclusions of law[28], or to furnish its own findings of fact and conclusions of law." Peck raised these matters again in his 25 June 2019 MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF MAY 29 ORDER (Dkt.61) at 26.[29] Dkt.61 is extensive, identifying numerous unresolved issues.

Judge Barker responded with Dkt.67 on 3 October 2019. Barker quoted a snippet from *Robbins*, 104 F.3d at 898 ("so is every other person") while avoiding any discussion of what type of litigants are subject to 28 USC § 1915 and the Prison Litigation Reform Act (*i.e.*, prisoners, parolees, and other non-prisoners ("former prisoners")). The 28 USC § 1915 and the Prison Litigation Reform Act have absolutely no connection to *Peck v. IMC*. These are appealable issues.

<u>3 October 2019 JUDGMENT (Dkt.68)</u>

Long after the clerk entered Peck's PLAINTIFF'S RULE 68 FILING (Dkt.22) on 12 December 2018, judge Barker issued Dkt.68, which finally passed judgment on the $1,101 part of the parties' November 2018 FRCP 68 agreement. Judgment in favor of Peck and against IMC, as

---

[28] See Peck's 29 May 2019 MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF FILING FEES (Dkt.58) regarding *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996), *McGill v. Faulkner*, 18 F.3d 456 (7th Cir. 1994), 28 USC § 1915, and the Prison Litigation Reform Act.

[29] See, *e.g.*, Dkt.61, footnote 67:
> Peck has yet to read caselaw about § 1915 that does not involve a prisoner, parolee, or former prisoner. See, for example, *McGill v. Faulkner*, 18 F.3d 456 (7th Cir. 1994) ("McGill, an Indiana inmate..."); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) ("Lokmar Abdul-Wadood, a prisoner of Indiana..."); *Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1997) ("While in state prison, Martin Robbins...").

See also Peck's 25 October 2019 CIRCUIT RULE 3(c) DOCKETING STATEMENT at 11:
> Document 67 cites *Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1997), thus invoking the subject matter of the Prison Litigation Reform Act and 28 USC § 1915, which speaks only of "prisoners".

See also Peck's 27 November 2019 CIRCUIT RULE 3(c) DOCKETING STATEMENT at 3, footnote 6:
> [Dkt.67] merely repeats the court's earlier statements about 28 USC § 1915 and *Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1995) with[out] addressing Peck's claims (e.g., Dkt.58 at 26).

stipulated in the agreement ("plus costs") re: Peck's prayer for 15 USC § 1692k(a) costs remains forthcoming, *sixteen months* after Dkt.22 was entered into the record. This is an appealable issue.

### 3 October 2019 ORDER ON BILL OF COSTS (Dkt.69)

Long after Peck filed his second BILL OF COSTS (Dkt.59) on 25 June 2019, judge Barker responded with Dkt.69, which stated the self-evident facts.[30] Barker returned, however, without providing appellate conclusions of law[31], to the idea that "Rule 68 'costs' are limited to those contemplated by Rule 54(d), which are itemized in 28 U.S.C. § 1920."[32] Document 69 states that Peck "is awarded no [taxable] costs beyond the $1,101", but then concludes by asserting that Peck's 25 June 2019 Dkt.60 (MOTION FOR CLARIFICATION OF MAY 29 ORDER), 19 July 2019 Dkt.63 (MOTION FOR CLARIFICATION OF MAY 29 ORDER), and 5 August 2019 Dkt.65 (MOTION FOR CERTIFIED STATEMENT OF CONTROLLING QUESTION OF LAW) "are denied as moot." Barker does not explain how they are not worthy of judicial attention, choosing instead to sweep Dkt. Nos. 60, 63, and 65 away with what amounts to a blanket denial. These are appealable issues.

Peck feels obliged to note judge Barker's predilection for "orders of pending motions" with which she seems to be trying to hide the fact that she had neither adjudicated a myriad of issues before her nor provided the appellate conclusions that she had applied to the facts in this case.

---

[30] Dkt.69 at 1: "[T]he amounts that Peck seeks are *not* [emphasis added] costs permitted by 28 U.S.C. § 1920, but rather damages under 15 U.S.C. § 1692k(a), ...".

[31] Dkt.69 cites only non-controlling district court opinions. Of these five, Peck was able to find only one (*Thomas v. Caudill*, discussed above) in his online searches.

[32] The 28 USC § 1920 "costs" Barker references are in fact merely "taxable costs". See, for example, Peck's: Dkt.61 at 20-22; 11 December 2019 MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Dkt.88?) at 7-9; Dkt.75 at 7-8 and 10 ("Defendant, like the court, does not explain the relationship between 15 USC § 1692k, much less how the relevant substantive statute, 15 USC § 1692k, is subservient to FRCP 54(d) and § 1920"); 9 January 2020 APPELLANT'S BRIEF at 5 ("IMC and the district court pit 15 USC § 1692k(a) and FRCP 68 against FRCP 54(d) and 28 USC § 1920, whereas Peck sees only harmony between them") and at 6, fn.22; and 10 February 2020 MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION (Dkt.98?) at 9-10 ("IMC favors a statutory construction that is contrary to *Taniguchi*. IMC presumes that FRCP 54(d) favors the broadest possible reading of the costs enumerated in § 1920. IMC has proposed the rejected view that FRCP 54(d) is a "separate source of power to tax as costs expenses not enumerated in §1920.").

Her apparent purpose was to claim that there was nothing left for her to rule upon, thereby, in her mind, leaving no issues to appeal. Thus on 29 October 2019, Peck filed judicial notice of his intent to appeal *Peck v. IMC*. Dkt.76. Appeal, of course, would not be appropriate in the foreseeable future given that Barker had not yet addressed Peck's Fair Debt Collection Practices Act subject matter in any meaningful way. Nonetheless, for reasons that still are not clear to Peck, the district clerk forwarded this case to the United States Court of Appeals for the Seventh Circuit the day after receiving Dkt.76. This mistake had the effect of instantly halting the district court's and judge Barker's jurisdiction over the case and giving it to the appellate court. Peck has not received notification that the Seventh Circuit has remanded its jurisdiction.[33] Peck and IMC remain free to do what litigants are supposed to do: litigate. They have not lost their district court standing. But the district court and Barker have had no jurisdiction since 1 November 2019. For a judge to grant or deny parties' motions without jurisdiction is to act outside that judge's scope of office. This is exactly what judge Barker has done.

14 November 2019 ORDER

Two weeks after losing jurisdiction, judge Barker filed her 14 November 2019 ORDER (Dkt.81?). "Mr. Peck's Rule 52(b) motion [*i.e.*, Dkt.74] is <u>DENIED</u>." ORDER at 2. Peck received it on 19 November 2019 and has cited it since.[34] Mrs. Barker demonstrated a flawed understanding of *Boyko* when she cited the case in Dkt.81 at 1, footnote 1.[35] The district court

---

[33] "The Seventh Circuit opened circuit case No. 19-3187 on 1 November 2019 and then suspended further action on jurisdictional grounds". Peck's 20 November 2019 MOTION at 1. "Peck believes that the Seventh Circuit will eventually remand this case to the district court." Peck's 12 February 2020 MOTION FOR A RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT at 2.

[34] See his 20 November 2019 MOTION, 27 November 2019 CIRCUIT RULE 3(c) DOCKETING STATEMENT (to Seventh Circuit), and 11 December 2019 MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION.

[35] See Peck's MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION at 6:
> The district court has previously stated that "the district court and the court of appeals do not share jurisdiction over the same case." Dkt.81 at 1, fn.1, quoting *Boyko v.*

does not share jurisdiction with the court of appeals over the instant case. Barker soon admitted (see below) the obvious: she had no jurisdiction.

In his 20 November 2019 MOTION Peck laid bare numerous problems with Barker's ORDER.[36] Peck's MOTION is in the district court's record awaiting a ruling that applies appellate legal conclusions to the specific facts in the instant case concerning the issues Peck has raised.[37]

Judge Barker's MOTION is one more indication of the steps being taken to deny Peck the FRCP 68 offer of judgment he and IMC agreed to.

<u>30 January 2020 ORDER ON PENDING MOTIONS FOR SUMMARY JUDGMENT</u>

Two months after losing jurisdiction, judge Barker filed another sweeping "order on pending motions" (Dkt.96?). It is stunning. It suggests that Peck filed two different motions for summary judgment between 10 December 2019 and this 30 January 2019 ORDER. Peck's records show only his 11 December 2019 MOTION FOR SUMMARY JUDGMENT. The public docket shows the

---

*Anderson*, 185 F.3d 672, 674 (7th Cir. 1999). *Boyko*, however, is more expressive and emphatic on this point:
> The filing of the appeal had deprived the district court of jurisdiction over the case. With exceptions not applicable here but listed in *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) [further citations omitted], the district court and the court of appeals do not share jurisdiction over the same case. [Citations omitted.] Jurisdiction is either all in one court or all in the other. This rule is necessary to prevent one court's stepping on the toes of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time.

There are no *Kusay* exceptions that are applicable to the instant case. The district court has stepped on the toes of the appellate court. The Seventh Circuit also decreed in *Boyko* that "we are among the courts that hold that the judge does have the power to deny, though not to grant, a Rule 60(b) motion filed while an appeal is pending. *E.g.*, *Kusay* [at 62 F.3d at 195; other citations omitted]." The parties' motions for summary judgment are not motions concerning Rule 60(b).

[36] See, *e.g.*, Peck's 20 November 2019 MOTION at 2 regarding Barker's vague assertion that Peck "intended merely to relitigate old matters". This statement begs for specificity. See also 2019 MOTION at 2: "Quite the contrary: Peck seeks the district court to correct its 'manifest errors of law [and] fact' by, again, applying the law to the facts in this case."

[37] Barker cites *Jamerson v. Milwaukee Cty., Procurement Div.* and *McSteel Int'l. USA Corp. v. Superior Prods. Co.* Peck has been unable to find these cases online, but he is more concerned with Barker's habit of quoting non-binding opinions while avoiding controlling caselaw from the federal circuit and supreme courts, which must certainly exist on the assertions she raises.

clerk entered two, on 13 January 2020 (Dkt.87) and 17 January 2020 (Dkt.90). ORDER does not even mention Peck's 11 January 2020 MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, in which Peck shows that there is no genuine dispute about the material facts and that he is entitled to judgment as a matter of law—a rather important, and clearly appealable, issue. Barker does explicitly state, however, that she, "having reviewed [Dkt. Nos. 87 and 90,] will take no further action". The district clerk's premature forwarding of this case "place[d] jurisdiction in the United States Court of Appeals for the Seventh Circuit." Barker then asserts that "these motions appear to be duplicative of prior filings on which this District Court has previously ruled." This is another barefaced statement that begs for specificity. *To what prior filings does she refer? In what way are they duplicative?*

This ORDER's second (last) sentence is even more stunning: "The Clerk is directed to terminate the motions on the Court's docket." Peck responded on 10 February 2020. See, for instance, MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION (Dkt.98) at 6:

> Termination is an extreme "further action" in the same way that eradicating proper and thoroughly accurate summary-judgment documents would be extreme. The district court engaged in extreme activity during a time when this "case is 'in' the court of appeals, and any action by the district court is a nullity."

<u>1 April 2020 ORDER ON PENDING MOTIONS (Dkt.107)</u>

On 6 April 2020 Peck received a copy of this four-sentence ORDER in the mail. Judge Barker, five months after the district clerk handed jurisdiction to the Seventh Circuit, apparently feels she needs to "instruct" Peck that "his case is currently on appeal at the Seventh Circuit Court of Appeals and we therefore do not have jurisdiction to rule on the motions that he continues to file with this court." In fact, Peck immediately grasped those simple facts on 6 November 2019 when he opened the district clerk's envelope and read its Dkt.77 contents. Barker is not grasping the fact that she lacks jurisdiction to do *anything* in this case. Nor is she grasping the fact that the

parties may continue to file documents. Once this case is remanded, those documents will be there waiting for a judge to rule on the dozens of issues that are before the court. It is becoming abundantly clear that judge Barker does not want Peck's filings on the docket. But there they are. Barker concludes, "these motions are hereby <u>DENIED</u> and we alert Mr. Peck that any such future motions will be summarily denied on the same grounds." And there, in full plumage, is Mrs. Barker's tilt on justice.

### Peck's Recent Filings

On 2 April 2020 Peck filed with the district clerk his Motion for Copies of Recent Court Filings, Renewed Motion for a Copy of the Public Docket, and Renewed Judicial Notice of Plaintiff's Intent to Appeal, all signed and dated 2 April 2020. Copies are enclosed. Although Peck provided the clerk with a proper envelope and additional copies as required by S.D. Ind. L.R. 5-10(b), he has not received these copies, stamped to indicate the date and time of their entry into the court record, from the clerk.

On 30 January 2020 (Dkt.96) Judge Barker illegally directed the district clerk to "terminate" Peck's filings on the district court docket. *Did the clerk refuse to enter Peck's 2 April 2020 documents into the court record? And will the clerk also fail to execute her official duty to enter today's filings into the court record?*

**Conclusion**

*Peck v. IMC* is a very simple case. It should have ended promptly after Peck filed PLAINTIFF'S RULE 68 FILING (Dkt.22). The essential facts of this civil action are firmly established and undisputed.[38] But this case has slogged on now for sixteen months.

Peck is sympathetic to the heavy workload that district judges bear, but reading comes with the job and Peck has seen very little evidence that Barker has read his filings in this case.[39] Extremely one-sided rulings are bad enough, but Barker's own documents confirm that she is ignorant about the basics of federal jurisprudence. Rule 1 of the Federal Rules of Civil Procedure has been thoroughly eviscerated in the process. Barker has transgressed against established and definite rules throughout this case, but since losing jurisdiction, and thus her judicial capacity, to the Seventh Circuit on 1 November 2019, she has waded into the forbidden waters. Her transgressions are unlawful, willful, improper, and/or wrong behavior. Barker engaged in judicial misconduct and malfeasance when she committed actions that were wholly wrongful and unlawful and that she had no legal right to do.

A judge may not issue rulings if she lacks jurisdiction. A judge may not interfere when the parties file documents in their case. A judge may not hide the parties' filings just because they disclose that she issued "orders on pending motions" that never furnish findings and conclusions

---

[38] All facts in this case are undisputed. See, for example, Peck's 11 December 2019 MOTION FOR SUMMARY JUDGMENT, 10 February 2020 MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, and NOTICE REGARDING RIGHT TO RESPOND TO AND SUBMIT EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT. Peck believes that the district clerk entered duplicative filings of these documents into the public docket on 13 December 2019 (Dkt. Nos. 87-89) and 17 December 2019 (Dkt. Nos. 90-92). IMC failed to dispute Peck's facts. Compare Peck's 12 February 2020 MEMORANDUM IN REPLY TO DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt.101) with IMC's 9 January 2020 DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt.93).

[39] On the other hand, Barker is undeniably well versed in and attentive to IMC's filings.

on motions. These motions remain pending. Barker's actions are violations of due process, but she appears to be insensible to such legal nuisances.

Judge Barker has not provided Peck's requests for appropriate, applicable, and unassailable findings of fact and conclusions of law. Barker has denied Peck the ability to read the documents filed on the court's ECF system without ensuring that his documents were sent to Peck by U.S. Mail.

Judge Barker was not watchful of her calendar. She did not tend her docket in a timely manner. As one example, see the nine-plus-month lapse between Peck's 10 December 2018 Dkt.22 (PLAINTIFF'S RULE 68 FILING) and Barker's 3 October 2019 ORDER DIRECTING PAYMENT re: IMC's $1,101 gift.[40]

Judge Barker is unqualified to participate in this civil action and should be disqualified.

Submitted,

/s/ 

Norman Peck, Plaintiff
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

13 APRIL 2020
Date

---

[40] See above at 8-9.

## Certificate of Service

Peck certifies today's filing/serving of this MEMORANDUM IN SUPPORT MOTION FOR DISQUALIFICATION by delivering it

- by certified U.S. Mail (#7017 1070 0000 5956 1564) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204
- by first-class U.S. Mail to Nicholas Levi, One Indiana Square, Suite 300, 211 North Pennsylvania Street, Indianapolis, Indiana 46204.

_____      _13 APRIL 2020_
Norman Peck, Plaintiff                 Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

Enclosures:
- Additional copy of MEMORANDUM IN SUPPORT OF MOTION FOR DISQUALIFICATION, for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).
- Today's MOTION FOR DISQUALIFICATION.
- Today's RENEWED MOTION FOR COPIES OF FILINGS.
- Today's RE-RENEWED MOTION FOR A COPY OF THE PUBLIC DOCKET.
- Peck's 10 December 2018 PLAINTIFF'S FRCP 55(b)(2) APPLICATION.
- Peck's 2 April 2020 RENEWED JUDICIAL NOTICE OF PLAINTIFF'S INTENT TO APPEAL.
- Peck's 2 April 2020 MOTION FOR COPIES OF RECENT COURT FILINGS.
- Peck's 2 April 2020 RENEWED MOTION FOR A COPY OF THE PUBLIC DOCKET.